IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH GORDEN,** | : | CIVIL ACTION |
|       **Plaintiff,** | : | |
| | : | No. 14-1889 |
|       v. | : | |
| | : | |
| **DISCOVER BANK,** | : | |
|       **Defendant.** | : | |

**MCHUGH, J.**                                                                                                          **APRIL 8, 2015**

### MEMORANDUM

This is an action against Defendant Discover Bank brought under a variety of consumer protection statutes after it attempted unsuccessfully to collect from Plaintiff Elizabeth Gorden on a credit card debt past the statute of limitations.  The Complaint was served at an Ohio address from which Discover initiates most, if not all, of its collection actions nationwide, including the underlying suit that was brought against Plaintiff here.  Although the record unambiguously confirms delivery to that address, Discover maintains that it never received the Complaint, and further contends that, although it operates its credit card and other lending businesses nationwide, it only "does business" from a single branch location in Greenville, Delaware.  It now seeks to vacate a default that was entered against it in state court.

I am satisfied that service here met the requirements of Ohio law, and the requirements of due process, and see no purpose to be served in requiring a consumer to navigate a labyrinth of complex corporate agreements as a prerequisite to filing a countersuit alleging improper debt collection practices.  Accordingly, the Motion to Vacate will be denied.

I.      **Factual Background**

Defendant Discover Bank sued Plaintiff Elizabeth Gorden in the Municipal Court of Philadelphia seeking to recover a credit card debt. The Municipal Court found for the Plaintiff because Defendant's claim was barred by the statute of limitations. Plaintiff then brought this action in the Philadelphia Court of Common Pleas alleging claims under Pennsylvania's Fair Credit Extension Uniformity Act, Unfair Trade Practices and Consumer Protection Law, and the Dragonetti Act.[1]

In initiating her claim, Plaintiff attempted to serve process upon Defendant via U.S. Postal Service Certified Mail sent to Discover Bank c/o DB Servicing Corporation, 6500 New Albany Rd., New Albany, OH 43054. Pl. Brief Ex. 1. The certified mail return receipt shows that delivery was made on March 11, 2013. Id. The signature block contains the word "Dynamex 70" and the received-by field contains the name "M. Rorig," who checked the box denoting agent of the recipient. Id. No answer was filed or served by Defendant. On June 5, 2013, Plaintiff filed an Affidavit of Service with the Court of Common Pleas certifying that service had been completed on March 11, 2013, at the aforementioned address. Def. Brief Ex. B. On June 5, 2013, a "Ten Day Notice" of intent to take a default was sent to Defendant via first class mail at the same address.[2] Pl. Brief Ex. 2.

A default judgment was entered on December 3, 2013, and a trial for damages was scheduled for April 21, 2014. A court-mandated settlement conference was held, after which Defendant removed this action to federal court. Discover then moved to vacate the default judgment entered by the Court of Common Pleas, and I permitted discovery on the issues

---

[1] Plaintiff filed and settled a separate action in this court against Discover Bank's counsel in the underlying action.

[2] In its Notice of Removal, Discover asserted that Plaintiff failed to serve the required notice. It has since abandoned that contention.

presented by its Motion.

On the basis of the evidence presented after discovery, I conclude as follows. Discover Bank, DB Servicing Corporation, DFS Corporate Services LLC, and Discover Properties LLC are all subsidiaries of Discover Financial Services. Pl. Brief Ex. 6(a). Discover Financial Services is the "parent holding company in the Company's organizational structure and the direct parent of Discover Bank." Pl. Brief Ex. 15. In filings with the Federal Deposit Insurance Corporation, the New Albany facility was identified as housing support for Discover Bank's "core business lines." Pl. Brief Ex. 15. The New Albany facility in question is owned by Discover Properties LLC. Id. Dynamex Inc. is contracted by DFS Corporate Services LLC to "provide additional scheduled daily pick up of mail from the New Albany post office and delivery to the DFS data center at . . . 6500 New Albany Road." Def. Reply Brief Ex. 1 at 01201.

Dynamex had a contract with DFS Corporate Services, LLC on behalf of itself and its affiliates, "collectively, 'DFS.'" Pl. Brief Ex. 6. In filings made with the Securities Exchange Commission, both Discover Bank and DFS Corporate Services are identified as Discover Financial Services subsidiaries. Pl. Brief Ex. 6(a). I am persuaded that this relationship between the various Discover entities renders them "affiliates" as that term is used in the Dynamex contract.

DB Servicing Corporation is the servicing entity for Discover Bank. Pl. Brief Ex. 5; Suess Dep. at 15, 23. As such, it engages in recovery and collection operations on behalf of Discover Bank, and only Discover Bank. Suess Dep. at 19-20, 23. Discover Bank and DB Servicing use the same account management system, and when an account falls behind in payments, it automatically falls into collections. Id. at 26-28. When a delinquent account goes

to litigation, DB Servicing places those accounts with local counsel to pursue that litigation.  Id. at 42.  All of DB Servicing's recovery operations are based out of the New Albany facility.  Id. at 43.  The representative of DB Servicing who was designated by Defendant to give deposition testimony, Michael Suess, stated that he had seen collection counsel use the New Albany address in litigation without including "Care of DB Servicing Corporation" as well as with the phrase included.  Id. at 52.

Discover Bank is the plaintiff in these collection actions, and does not assign its claims. Id. at 38.  Thus, while DB Servicing is authorized to bring suits on behalf of Discover Bank, absent an assignment, it can only do so as an agent of Discover Bank, because Discover Bank would be the only party with standing.  Discover concedes that funds generated through the activities of DB Servicing at New Albany Road do in fact find their way to Discover Bank.  Id. at 11.

Defendant disputes that DB Servicing ever received the complaint at the New Albany address, but cannot dispute that DB Servicing's agent picked up and signed for the Complaint.

## II.     Legal Standard

Because this case has now been removed from state court, the Federal Rules of Civil Procedure will govern the motion to vacate.  Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 438 (1974); Fed. R. Civ. P. 81(c).  Rules 55(c) and 60(b) specify when a default judgment should be vacated. Rule 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Discover relies upon Rule 60(b)(4), which provides that a default judgment may be set aside if "the judgment is void."

A judgment "is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers of Am., Local 610, 900 F.2d 608, 612 n.1 (3d Cir. 1990) (quoting 11 Wright and Miller, Federal Practice and Procedure § 2862 at 198–99).  Defendant asserts that service was improper in this matter.  The Third Circuit has "held that the entry of a default judgment without proper service of a complaint renders that judgment void" and thus should be set aside.  United States v. One Toshiba Color Television, 213 F.3d 147, 156 (3d Cir. 2000) (citing Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985)).  Furthermore, motions to vacate default judgments brought pursuant to Fed. R. Civ. P. 60(b) are to be "given a liberal construction," and "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits."  Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982) (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)).

Although Discover has the burden of establishing grounds to vacate, in this specific context it is correct that "the party asserting the validity of service bears the burden of proof on that issue."  Grand Entm't Grp., Ltd., v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).[3]  "The party must prove that service was effective by a preponderance of the evidence. To meet this burden, '[f]actual contentions regarding the manner in which service was executed may be made through affidavits, depositions, and oral testimony.'"  State Farm Mut., Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008) (citing Mowafy v. Noramco of Del., Inc., No. 05-733, 2007 WL 2828013, at *2 (D. Del. Sept. 27, 2007); Villanova v. Solow, No. 97-6684, 1998 WL 643686, at *1 (E.D. Pa. Sept. 18, 1998)).

---

[3] Grand was governed by Fed. R. Civ. P. 4, but the same principles would apply to service made under the Pennsylvania Rules of Civil Procedure.  See, e.g., Leight v. Lefkowitz, 615 A.2d 751, 753 (Pa. Super. Ct. 1992).

**III.    Discussion**

The crux of the issue before this Court is whether proper service was made upon Discover Bank when this matter was commenced in the Pennsylvania Court of Common Pleas. If service was not proper, that court did not have proper jurisdiction to enter the default judgment, and the judgment should now be set aside. Discover takes the position that although it centers collection activities at the New Albany address, and brings litigation from there, this does not constitute a "usual place of business." It further argues that even if DB Servicing had received the Complaint, it is not an agent authorized to accept service on behalf of Discover Bank, taking the position that Discover Bank only conducts business from a single branch in Greenville, Delaware. Under the Pennsylvania Rules of Civil Procedure, Plaintiff had the option of serving Discover Bank under Pennsylvania's own rules or in compliance with the rules of the state of Ohio. Pa. R. Civ. P. 404.

*A.   Compliance with Pennsylvania-Specific Rules Pertaining to Service*

I conclude that Plaintiff did not comply with Pennsylvania's state-specific rules governing service of a corporation[4].

"Service of original process upon a corporation or similar entity [in a Pennsylvania action] shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action: (1) an executive officer, partner or trustee of the corporation or similar entity; or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity; or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." Pa. R. Civ. P. 424. Service outside of Pennsylvania may also "be mailed to the defendant by

---

[4] As noted above, Pennsylvania also treats service as proper when it complies with the laws of the state in which service is made. The validity of service under Ohio law be addressed separarely.

any form of mail requiring a receipt signed by the defendant or his authorized agent," and such service is deemed complete upon delivery of the mail.  Pa. R. Civ. P. 403, 404(2).

In mailing the Complaint, Plaintiff's counsel did not restrict delivery to those categories of individuals identified in Rule 424.  It was addressed to "Discover Bank c/o DB Servicing," and signed for by "M. Rorig" as an "agent," Pl. Brief Ex. 1, but it is unclear as to which entity he or she was claiming agency—Discover Bank or DB Servicing Corporation.

Plaintiff argues that Defendant has not met its burden to demonstrate that M. Rorig of Dynamex was not an agent authorized to accept service on behalf of Defendant.  This misinterprets the rule:  It is Plaintiff who must show the existence of such specific authority.  There is only limited evidence bearing on whether M. Rorig or Dynamex was an agent specifically authorized to accept service for Discover Bank.  Plaintiff is correct that, at deposition, Discover's designee could neither confirm nor deny whether Defendant had a contract with Dynamex, or if Dynamex had the authority to accept legal papers on behalf of Discover Bank.  However, these two facts, even when combined, do not satisfy Plaintiff's burden.  Indeed, the Services Agreement produced by Defendant shows that Dynamex was a courier under contract with DFS Corporate Services LLC, and thus it seems unlikely that M. Rorig of Dynamex was acting as an agent specifically authorized by Discover Bank to accept service on its behalf.

### B.  Compliance with Ohio Rules Pertaining to Service

Pennsylvania law also provides that process can be served outside the state "in the manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction."  Pa. R. Civ. P. 404(3).  In this case, Defendant was served in Ohio.  The Rules of Civil Procedure in Ohio allow for service by United States

7

certified or express mail upon a corporation at any of its usual places of business, "[e]videnced by return receipt signed by any person." Ohio R. Civ. P. 4.1(A)(1)(a), 4.2(F).  The Ohio Rules do not specifically define the term "usual place of business."  However, Ohio courts consider process to be duly served at a "usual place of business" "when such notice is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  United Fairlawn, Inc. v. HPA Partners, 68 Ohio App. 3d 777, 781, 589 N.E.2d 1344, 1347 (1990) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); Mitchell v. Mitchell, 64 Ohio St. 2d 49, ¶ 2 (1980); Samson Sales v. Honeywell, Inc., 66 Ohio St. 2d 290 (1981)).  "A determination of whether notice was reasonably calculated to reach the interested party requires a case-by-case examination of the particular facts."  C & W Inv. Co. v. Midwest Vending, Inc., 2003-Ohio-4688, ¶ 14, 2003 WL 22054062, at *4 (Ct. Appeals, 10th Dist., Ohio 2003) (citing Regional Airport Authority v. Swinehart, 62 Ohio St. 2d 403, 406 N.E.2d 811 (1980)).  Furthermore, "[a] signed receipt by 'any person' at the usual place of business of the defendant is sufficient pursuant to the clear terms of Rule 4.3(B)(1)," which parallels Rule 4.1(A)(1) governing service in the current matter.  United Fairlawn, Inc., 68 Ohio App. 3d at 781, 589 N.E.2d at 1347;  see also Samson Sales, 66 Ohio St. 2d at 293 ("[S]ervice of process by certified mail upon a corporation is effective even though not addressed to an officer or agent of that corporation."); Bowling v. Grange Mut. Cas. Co., 2005-Ohio-5924, ¶ 32,  2005 WL 2981247, at *7 (Ct. Appeals, 10th Dist., Ohio 2005) ("Service of process upon a corporation at an address reasonably anticipated to reach the intended recipient is effective, provided the certified mail receipt is signed and returned, even if it is not delivered to the defendant or a person authorized to receive service of process.").

It is clear from the mail receipt that service reached the post office servicing the New Albany facility.  Pl. Brief Ex. 1.  It is also clear from this receipt that the mailing was signed for by M. Rorig of Dynamex, declaring him or herself to be an agent of the addressee, Discover Bank c/o DB Servicing Corporation.  Id.  Dynamex is contracted by DFS Corporate Services LLC to pick up the mail from the New Albany post office and deliver that mail to 6500 New Albany Road, the address of the facility in question.  Def. Reply Brief Ex. 1 at 1201.  Ohio permits service by certified or express mail with signed return receipt by any person.  Furthermore, it is obvious that in order for mail to reach the New Albany facility, it must be delivered by Dynamex, the contracted mail courier.  Under Ohio law, if a corporation's system for receiving mail suffers from a deficiency, the responsibility rests with the corporation.  The court in United Fairlawn, Inc. stated that "[a] civil defendant is not immune from certified mail service simply because it utilizes a non-employee mailroom."  68 Ohio App. 3d at 781, 589 N.E.2d at 1347.

The question then becomes whether the New Albany address is a "usual place of business" for Discover Bank.  If so, Plaintiff has properly served Defendant.  This is determined by whether the use of the New Albany address appears reasonably calculated, under the circumstances, to apprise Discover Bank of the pendency of the action.  Samson Sales, Inc., 66 Ohio St. 2d at 293.  The standard of due process to be utilized in making this determination is that enunciated in Mullane, 339 U.S. at 314:

> The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.'

> But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.

Id. at 314-15 (citations omitted).

I find that Plaintiff's service upon the New Albany address via certified mail was reasonably calculated to apprise Defendant of the pendency of the action, and therefore comports with the due process required under Ohio law. In the underlying state court collection action upon which Plaintiff's claims are premised, Discover Bank represented itself as "Discover Bank c/o DB Servicing Corporation, 6500 New Albany Rd., New Albany, OH 43054." Pl. Supplemental Submission, March 6, 2015. It is one of the addresses to which consumers might be expected to mail any delinquent payments on their Discover Bank accounts. Transcript, March 13, 2015 Hearing at 10, 13. Furthermore, based on the testimony of Michael Suess and the dockets presented by the Plaintiff, it is clear that Defendant Discover Bank has repeatedly represented itself as having a usual place of business at the New Albany address. Suess Dep. at 52; Pl. Brief Ex. 13 & 14 ("Plaintiff, Discover Bank, . . . is a corporation with a principal place of business located at 6500 New Albany Road New Albany, OH 43054.") (omitting "care of DB Servicing" altogether); Pl. Brief Ex. 12 (Verification by Discover Bank counsel "That the last known address of the Judgment Creditor is: Discover Bank, 6500 New Albany Road, New Albany, OH 43054.") (omitting any reference to DB Servicing); Pl. Brief Ex. 11 (listing numerous dockets where Discover Bank has used the New Albany address in collections actions); Pl. Brief Ex. 10 ("Plaintiff, Discover Bank, is an FDIC-insured Delaware State Bank

10

with a **usual place of business** located at 6500 New Albany Road, New Albany, OH 43054 . . . .") (emphasis added).

At argument, Counsel for Discover agreed that" usual place of business," as defined by Ohio case law, is "simply a common sense matter," preceded by this exchange:

| | |
|---|---|
| The Court: | In the real world of consumers -- when you get a lawsuit, and it says that Discover Bank care of DB Services and the only address you have is New Albany Road, would your average person take it that that is where this debt is being collected from? |
| Defense Counsel: | Well, and that's accurate because that is where the debt's being collected from.  DB Servicing has certain very specific delegated authority, and among that delegated authority is the authority to collect debts.  Both routinely when it sends out account statements, when it follows up by phone calls to collect on those statements and as part of that collection activity, is in fact actually filing collection suits. |

Transcript, March 13, 2015 Hearing 10-11.

To state the obvious, a principal business objective of any bank is to get **back** the money it lends.  Not surprisingly, although Discover purports not to conduct business from the New Albany Road address, repayment of its loans flows through there:

| | |
|---|---|
| The Court: | Well, let's explore that in a common sense way.  Say a consumer gets a notice or a summons from that New Albany address, Discover Bank care of DB Services, right?  And they say gee, I better pay up and they write a check and they send it back to the New Albany address.  I assume that gets to Discover Bank, right? |
| Defense Counsel: | Eventually the funds would, yes, Your Honor. |

Id. at 11.

It is certainly also common sense to assume that when a bank initiates suit from an address, it could expect to be served with a countersuit at that same address.  Such an action would, from the standpoint of the party bringing the countersuit, seem reasonably calculated to

11

apprise its adversary of the claim. As if to confirm this very point, during argument counsel for the Bank stated that "if something had been received, it was standard practice and policy for an indication in the notes to be made and for a copy to have been imaged, and there's simply no trace of this within Discover." Transcript, March 13, 2015 Hearing at 7. Defense counsel further argued that "Nobody at DB Servicing would get a complaint that was served on it naming Discover Bank and say this isn't DB Servicing, right in the trash. I mean, that would be insane. That's not done." Id. at 16. Although counsel made this argument to support Discover's contention that it was not in fact served, it supports Plaintiff's position that it was well-equipped to deal with legal process served there.

For the reasons above, I am satisfied that the New Albany address was a usual place of business for Discover Bank under Ohio law. Other considerations reinforce that conclusion. DB Servicing handles collections on behalf of Discover Bank exclusively. According to Discover's designee, "hundreds of millions" of dollars in Discover Bank revenue are generated through the New Albany facility. Suess Dep. at 186-187. Furthermore, the delinquent loans or accounts themselves were never assigned from Discover Bank to DB Servicing; they remain assets of Discover Bank. Id. at 38. These considerations provide further support that Plaintiff's common sense decision to serve her complaint upon Discover Bank at the New Albany address would be reasonably calculated to apprise Discover Bank of the pendency of the action.

From the standpoint of due process and fairness, it is also noteworthy that when Discover sued Gorden to collect on its debt, the Municipal Court "Statement of Claim" gives an option to provide "Service Address (information) if other than above." Pl. Supplemental Submission. Discover Bank, which was the only party entitled to bring the claim against Ms. Gordon in the

absence of assignment, provided no address other than New Albany Road, where this action was served.  How then can New Albany Road not be one of its usual places of business?

This Court also notes that, by Order issued September 18, 2014, Defendant was to "specifically disclose how the mailing received at 6500 New Albany Road, New Albany, Ohio, was processed or routed following its delivery on March 11, 2013."  In a supplemental Order issued November 14, 2014 , resolving a discovery dispute, the Court reiterated Defendant's obligation, as the moving party, to provide that information. Remarkably, Discover has not provided any information bearing on how plaintiff's complaint, which was indisputably delivered that day,  was routed or processed.  It stands upon the conclusory assertion that M. Rorig and Dynamex were not authorized to accept process on behalf of Discover Bank, because the Dynamex contract for mail delivery was technically with a bank affiliate, DFS Corporate Services LLC.  Aside from confirming that "M. Rorig" was not a direct employee of Discover Bank, which was entirely self-evident, counsel made no inquiry of  Dynamex or any Discover affiliate to determine how the mail was handled following delivery, despite two separate Orders seeking that very information.  Suffice it to say that a defendant seeking to vacate a default judgment ignores the Court's inquiry at its peril.

Service was proper under the Ohio Rules of Civil Procedure, and therefore under Pennsylvania law.  Defendant does not advance excusable error or other grounds to disregard proper service.  The evidence establishes that service reached the courier contracted to deliver mail to the New Albany facility, which I find to be a usual place of business for Discover Bank.  Any loss of that service from that point forward cannot be attributed to Plaintiff or the postal service.

**IV.     Conclusion**

The Philadelphia County Court of Common Pleas had proper jurisdiction to enter the underlying default judgment against Defendant.  I see no reason to vacate that judgment on this record, and the renewed Motion to Vacate will be denied.  An appropriate order follows.


      /s/ Gerald Austin McHugh
United States District Court Judge